STATE OF MINNESOTA *ex rel.* Daniel Bryant *vs.* CORNELIUS GUINEY.

## December 22, 1879.

**Town Board of Appointment—Meetings—Notice.**—The justices of the peace and supervisors of a town constitute, under Gen. St. 1878, c. 10. §§ 48, 49, a board to fill vacancies occurring in any town offices, and they can act as such only when met together as a board. Every member has a right to notice of a meeting of the board; and if such notice be omitted, although a majority meet and concur in appointing to fill the vacancy, their action is illegal.

*Quo warranto.*

*Geo. P. Wilson,* Attorney General, and *E. S. Chittenden,* for the State.

*James Smith, Jr.,* for respondent.

GILFILLAN, C. J: *Quo warranto* to try respondent's title to the office of supervisor of the town of Mendota. He was appointed to fill a vacancy caused by the resignation of Charles Small. The statute provides (Gen. St. 1878, c. 10, § 48,) that whenever there is a vacancy in a town office, "the justices of the peace of the town, together with the board of supervisors, or a majority of them, shall fill the vacancy by appointment, by warrant under their hand;" and section 49, in case a vacancy occurs in any of the officers "composing the board of appointment for the appointment of town officers in case of vacancy, the remaining officers of such appointing board shall fill any vacancy thus occurring."

At the resignation of Small, there were two supervisors

remaining, and two justices, of whom the relator was one, who constituted the board of appointment. A meeting of the board was called to fill the vacancy, but no notice of it was given to relator. The other justice and the two supervisors met and appointed respondent to fill the vacancy, all concurring in the appointment.

The officers mentioned in sections 48 and 49 were clearly intended to constitute a board of appointment. They are designated as a board twice in section 49. They could act legally only when met together as a board. If acting separately, although each of the officers mentioned might sign the warrant of appointment, their action would be of no effect. The statute does not expressly prescribe any mode for calling the board together. It may, undoubtedly, be called by the presiding officer of the board of supervisors, or, perhaps, a majority of the board. But inasmuch as it is the duty and the right of each member to be present and participate in the deliberations and proceedings of the board, however a meeting may be called, notice must, if practicable, be given to each, unless, without such notice, all do in fact attend the meeting. *State* v. *Smith*, 22 Minn. 218. No notice having been given the relator, in this case, the meeting was not a lawful meeting, and its proceedings were null. Let judgment be entered accordingly.