SCHWANBECK, AUDITOR, v. PEOPLE EX REL. SMITH.

1. APPLICATION FOR MANDAMUS AGAINST A PUBLIC OFFICER — REQUISITES OF PETITION.— A petition for a writ of *mandamus* against a public officer, to compel him to perform a statutory duty, must show on its face a good cause of action, whether an answer be filed thereto or not, to entitle the petitioner to the writ. And in order to sustain such an action the petitioner must allege and prove a full compliance with all the requirements of the law on which his rights are based.

2. DUTIES OF STATUTORY BOARD CONSTITUTED TO SUPERVISE A PUBLIC WORK.— When an act of the legislature authorizes the construction of a public wagon road, and designates three officials as a board to lay out and construct the road, they must act as a board in determining the route, letting the contract for its construction, and in deciding whether or not the contractor has performed the work of construction and completed the road according to the terms of his contract. And while the concurrence of a majority of the board in the performance of its statutory duties is sufficient, yet the board can neither delegate its powers to a single member, nor can a majority legally act in the absence of the other members unless the act so provides.

3. STATUTORY DUTIES OF AUDITOR IN ISSUING WARRANTS UPON TREASURER.— In such case, to authorize the auditor to draw his warrant upon the treasurer in favor of the contractor for the price of con-

struction, the contractor must present him with the certificate of the board that the work has been duly completed in accordance with the contract, and he cannot legally issue the warrant without it. The certificate must show on its face that it is the act of the board; the certificate of a single member, although delegated by the board to inspect and accept the work, being insufficient.

*Error to District Court of Arapahoe County.*

This is a petition filed in the name of the people by the relator, Smith, against Louis B. Schwanbeck, the auditor of the state, whereby the petitioner seeks to compel the auditor to issue to him a warrant upon the public treasury for a certain amount of money. In general the petition alleges that on April 19, 1889, the legislature passed an act providing for the construction of a wagon road through Bear River canon, between Steamboat Springs and Hayden, in Routt county. The act appropriated the money necessary for the building of the road, and the act itself was approved. The petition set up generally that the governor, the state engineer and chairman of the board of county commissioners were constituted a board to see that the road was surveyed and laid out, and, after proper advertisement for bids, to let a contract for its construction. The petitioner further set up his performance of the work under the contract as made by the board, and attempted to set out a presentation to the auditor of such a certificate as the statute required. The certificate was in the following words: " To whom it may concern, and to the board of construction on the Canon road below Steamboat Springs, Routt county, Colorado: It was heretofore agreed that I, the undersigned, should inspect and accept said road, which I hereby certify that I did this day and date, and in my judgment the road is in compliance with the contract, and that S. L. Smith has completed said contract. S. H. Thorpe, Chairman Board Const."

To strengthen that certificate, or as a part of it, the peti-

tioner likewise set up the following paper, in the nature of a bill audited or a voucher:

" To S. L. Smith, Dr.

| 1890. | Dollars. | Cents. |
|---|---|---|
| As per itemized bill attached to contract for construction of state wagon road through Bear River canon, as authorized by H. B. 134, approved April 19, 1889..... ... | 4,000 | 00 |

" Approved January 6, 1890.
    " J. P. Maxwell, State Engineer.
        " By John S. Titcomb,
            " Deputy State Engineer.
" Pay from Bear River road fund.
                    " Job A. Cooper, Governor.
" Received of the auditor of the state of Colorado, warrant No. ——, in payment of the above account.
" [Sign here.]                       —— ——."

No other certificate of any sort was alleged to have been presented. Upon this petition a writ of *mandamus* was prayed to compel the auditor to issue the warrant. An answer was presented in which the substantial defense set up was the failure on the part of the relator to complete his work, and to obtain and present the certificate required by the statute. Subsequently the relator filed a demurrer to the answer, and the cause came on for hearing upon those issues.

The statute under which the writ was applied for is known as " House Bill 134," and found on page 435, Session Laws 1889. Section 2 is as follows:

" Sec. 2. The governor and the state engineer of this state, with the chairman of the board of county commissioners of Routt county, shall be, and are hereby made, a board for the purpose of laying out and constructing such wagon road."

" Sec. 7. Upon the completion of said road according to contract, and upon the presentation of a certificate of said board to that effect, the auditor of state is hereby authorized to draw warrants for the amount appropriated by section 1 of this act, or so much thereof as may be necessary, for the purpose of paying the amount due on said contract."

Mr. S. W. Jones, attorney-general, and Mr. H. Riddle, for plaintiff in error.

Messrs. Rucker & Titcomb, for defendant in error.

Bissell, C.   That an action will lie against a public officer for a failure to discharge a statutory duty, or for a neglect or a refusal to exercise a proper authority, cannot be doubted.   To sustain the suit the plaintiff must present a petition which sets up a full and technical compliance with all the requirements of the enactment from which his rights are derived, and it must be maintained by full proof. He must show that he has been damaged by the disregard of the obligation, and that he has strictly and in apt time performed whatever conditions precedent are prescribed by the statute.

The act under consideration, and to which the relator must look for the ascertainment of his rights, creates a board to carry out the object and purposes of the act, viz., to supervise and control the construction of the road provided for.   The members of this board are the governor, the state engineer and the chairman of the board of county commissioners of Routt county.   Whatever power was conferred by the legislature was conferred upon the three persons named as a body, and to them, as such, was delegated whatever of power was given.   From this it is evident that whatever action they take must be taken by them as a board. They are given by the act full power to determine what route the road shall cover; for what price, within the limits of the appropriation made by the act, it shall be built; to receive the bids, and decide whether the road has been com-

pleted according to the terms of the contract under which it was built. These being the express powers conferred upon the board by the terms of the act, it is clear that the board was invested with power to decide upon the due performance of the work for which they had contracted on behalf of the state. It is perfectly well settled that where a statute creates a board, and gives to that board power to decide any matter, the board must act as a board, although a binding effect would be given to a decision by a majority, where they all convened to discharge the duty imposed on them. Should the majority assume to do the business of the board in the absence of the other members, their action would not be good under the law, unless the majority were, by the enactment from which they derived their power, expressly authorized to act. *Crocker v. Crane*, 21 Wend. 211; *Ex parte Rogers*, 7 Cow. 526; *Merchant v. North*, 10 Ohio St. 251; Sedg. St. & Const. Law (2d ed.), 331.

Such being the law, it is apparent that no such collective action was averred in the petition as gave to the relator any right to proceed against the auditor upon his refusal to issue a warrant. It is always true that in an application for a *mandamus* against a public officer the relator must show a good case upon the face of his petition; failing to do this, he would not be entitled to the writ, even though no answer whatsoever had been made to the application. The petition contains no averment that the board, properly convened for the purpose, had decided that the work was completed according to the contract as let. This the petitioner must both allege and prove. The decision of that matter rested with the board, and he must either show their determination or sufficient legal reasons for his failure. He did neither. The failure of the relator to comply with the requirements of section 7 of the act is equally fatal to his recovery. In that section the auditor is authorized to draw a warrant upon the treasury when he receives from the one who demands it a certificate of the board that the work has been duly completed. His power under the act is depend-

ent upon the receipt of that certificate. He is authorized
to act only on its presentation. There can be given to him,
in the discharge of his official duty in the premises, no other
sufficient evidence that the warrant has been earned, and
that anybody is entitled to it. This certificate must be, on
its face and by its terms, the act of the board which the
statute has created. The auditor, under our system, is an
officer charged with the duty of protecting the public treas-
ury from unauthorized drafts upon it. How far he may go
in defense of the public funds need not be determined. That
he may require all the evidence prescribed by the statute,
complete in all its formal and essential particulars, there is
no doubt. He could not do less and properly discharge his
official duty. According to the averments of the petition,
no such certificate was presented, nor was one ever given
to the auditor. The certificate set up was signed by Thorpe
as chairman of the board of county commissioners of Routt
county. It recites the individual judgment and the indi-
vidual action of the member signing it. It is true that its
terms indicate that the board sought to delegate to this one
member the power to act. But this does not cure the diffi-
culty. One member was powerless to discharge the duty
imposed upon the board or to exercise the power given to
the whole body. The board, or a majority of it, were
equally powerless to confer upon him the right to act in
the premises. The presentation of the statutory certificate
is a condition precedent. Without an averment that such
a certificate was executed by the board as such, and pre-
sented to the auditor, the relator is without rights in the
premises. The voucher which is afterwards set up in the
relator's petition is not the certificate required by the stat-
ute, nor can it properly be treated as such. It might per-
haps be said, with some show of reason, that it tended to
establish the relator's claim to the extent of $4,000, and to
show that he had earned that amount of money; but by no
possibility of construction or intendment can it be held
to be a certificate executed by the board, or by two mem-

bers of it, to the effect that the road was completed according to the contract as made.

It is needless to discuss the question whether it is within the power of any member of the board to act by deputy, where the board is specially created by statute. This question is expressly left undecided in this opinion. It is equally unnecessary to discuss the force and effect of the governor's signature to the voucher. The signature was not to a certificate as designated and required by the statute, but was a direction as to the fund from which the bill to which it was attached should be paid. In no manner can it be said to be attached to the sort of a paper which the relator must produce. It is probably true that, had it been operative to give the relator any rights, the legal effect of it would not have been lost by its subsequent erasure. This, however, is unessential, in the view which has been taken of the statutory requirements and the relator's rights.

The judgment of the court below should be reversed and the cause remanded, with directions to dismiss the petition.

RICHMOND and REED, CC., concurring.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment of the court below is reversed and the cause remanded, with directions to dismiss the petition.

*Reversed.*