STATE of North Dakota ex rel. Walter R. HJELLE, State Highway Commissioner, Petitioner and Respondent,

v.

Norris C. BAKKE, William R. Pearce and Leonard Lindquist, as Members of the Board of Arbitration, and Swanson-Truax Construction Company, O. W. Swanson Construction Company, and Dakota Aggregate, Inc., as original petitioners for arbitration, Respondents and Appellants.

No. 7992.

Supreme Court of North Dakota.

Oct. 26, 1962.

.Robert W. Mattson (succeeding Miles W. Lord), Minneapolis, Minn., and Vogel, Ulmer & Bair (succeeding John F. Lord), Mandan, for appellants.

Leslie R. Burgum, Atty. Gen., by David ·L. Milhollan, Sp. Asst. Atty. Gen., and Francis Breidenbach, Bismarck, for respondent.

TEIGEN, Judge.

We are met on the threshold of this appeal with a motion for dismissal. It is premised on four grounds: (1) That persons not parties to the action in the lower court cannot perfect an appeal from a decision of the lower court; (2) That Swanson-Truax Construction Company, a foreign corporation, has not been issued a certificate of authority by the Secretary of State of North Dakota and cannot maintain an action or proceeding in any court of this State; (3) That the board of arbitration, the parties of record in the lower court, have not taken or authorized the taking of the appeal; and (4) That the board of arbitration has not filed an undertaking on appeal.

The named appellants have undertaken to appeal from an absolute writ of prohibition issued out of the district court. The writ and all proceedings in the district court were directed against Norris C. Bakke, William R. Pearce, and Leonard Lindquist, as members of the board of arbitration.

A special or limited submission to arbitration was made by the parties to the arbitration. The parties to the arbitration are O. W. Swanson Construction Company, a partnership, and Swanson-Truax Construction Company, Inc., as prime contractors, and Dakota Aggregate Company, Inc., a subcontractor of Swanson-Truax Construction Company. The subcontractor maintains it has a claim against the State. For the purpose of enabling the subcontractor to arbitrate its dispute, the prime contractors, who have no separate claim, join in the claim of the subcontractor. The prime contractor Swanson-Truax Construction Company, Inc., has appointed the subcontractor as their attorney in fact and agent for the purpose of arbitration. The respondent in the arbitration proceeding is the State Highway Commissioner for the State of North Dakota. The three construction companies named Leonard Lindquist as their arbitrator. The commissioner named William R. Pearce as the State's arbitrator and the two arbi-

trators, thus named, named Norris C. Bakke as the third arbitrator. The demand for arbitration was premised on statute, Section 24–02–26, N.D.C.C., and related statutes.

A submission to arbitration was prepared and the matter submitted. It provides as follows:

"The Petition in the above matter was served upon the State of North Dakota on the 19th day of July, 1960, and the Reply of the State of North Dakota was served upon the petitioners on the 28th day of July, 1960 and that the issues joined in said pleadings are the subject matter of a proposed arbitration proceeding.

"It is the position of the respondent that the Board of Arbitration lacks jurisdiction of the subject matter as alleged in the Petition and Reply and the respondent hereby submits to arbitration of the issue of jurisdiction only and consent to the entry of judgment by the District Court of the Fourth Judicial District in and for the County of Stutsman, State of North Dakota to that extent only.

"The Petitioners submits the entire matter to the Board of Arbitration, disputes the position of the Respondent and consents to the entry of judgment by the District Court of the Fourth Judicial District in and for the County of Stutsman, State of North Dakota."

The board of arbitration called an investigation at which the parties presented their respective arguments, filed their respective briefs and on November 23, 1960, unanimously issued its award determining it had jurisdiction and ordered the case set for hearing on the merits. The order provides as follows:

"This matter coming on to be heard on the limited submission filed by the Attorney General challenging the jurisdiction of the Board of Arbitration herein to hear the case on its merits.

"Hearing was held in Room G–1 of the State Capitol, the Board consisting of Norris C. Bakke of Mayville, Chairman, and Members William R. Pearce of Bismarck and Leonard Lindquist of Minneapolis.

"Briefs having been filed and argument heard on the question of the Board's power and authority to assume jurisdiction, and the Board being fully advised in the premises has reached the conclusion that it does have jurisdiction to hear the case on its merits.

"Ordered that the case be set for hearing on the Merits next Monday, November 28 in Room G–1 at the State Capitol in Bismarck, at 10 A. M."

■ On November 25, 1960, the State Highway Commissioner commenced a proceeding for a writ of prohibition entitled:

"State of North Dakota ex rel, A. W. Wentz, State Highway Commissioner,
Petitioner,
vs.
Norris C. Bakke, William R. Pearce and Leonard Lindquist, as Members of the Board of Arbitration,
Respondents."

(A change of commissioner resulted in title change.)

The district court issued an alternative writ of prohibition ordering that "the Respondents and each of them desist and refrain from any further proceedings in the arbitration proceedings * * *." Following the hearing on the order to show cause, the alternative writ was made absolute. This appeal is attempted from the court's order and writ of prohibition.

A notice of appeal was served. It states that " * * * Norris C. Bakke, William R. Pearce, and Leonard Lindquist, as Members of the Board of Arbitration, and Swanson-Truax Construction Company, O. W. Swanson Construction Company, and Dakota Aggregate, Inc., as original petitioners for

arbitration, * * *" appealed to the Supreme Court from the order and writ of prohibition entered by the district court.

With regard to the first ground of the motion for dismissal of the appeal, it appears from the record that the three named construction companies were not named as parties to the proceeding in the district court. Further, it appears they were not ordered to be made parties by the court and they made no attempt to intervene.

In resistance to the motion to dismiss the appeal on this ground, the three construction companies have filed with us the affidavits of Miles W. Lord, attorney at law of Minneapolis, Minnesota, and of John F. Lord, as local counsel, to the effect that they appeared and defended the proceeding in the lower court. They aver that they noted in the record their appearance on behalf of the three construction companies, as well as the board of arbitration. They argue that the three construction companies having appeared by attorney, the State made no objection to such appearance and is now estopped to contend the construction companies are not parties to the proceeding, that it was understood and agreed by all present that the construction companies were represented and were parties to the proceeding. No authority has been pointed out to us in support of this argument and we have found none. Only a partial transcript of the proceedings in the lower court is filed with the appeal. The partial transcript filed does not show the appearances. The record discloses the three construction companies were not served with process, were not named as parties in any of the papers in the proceeding, filed no formal return or appearance and made no attempt to be made parties by intervention. Therefore, they cannot be considered as parties to the action.

■ We determine that the motion to dismiss the appeal as to the three construction companies must be granted. The right to appeal is statutory and can be exercised only when authorized by the statute. In re Myrick v. McCabe, 5 N.D. 422, 67 N.W.

143; Whitney v. Ritz, 24 N.D. 576, 140 N.W. 676; Stimson v. Stimson, 30 N.D. 78, 152 N.W. 132; Torgerson v. Minneapolis, St. P. & S. S. M. Ry. Co., 51 N.D. 745, 200 N.W. 1013; Guenther v. Funk, 67 N.D. 543, 274 N.W. 839, 112 A.L.R. 428 and Hart v. Bye, N.D., 86 N.W.2d 635.

The three construction companies are not parties to the proceeding of record, neither are they representatives nor privies of a party of record, and have no right of appeal in the absence of a statute giving them such right. North Dakota has no such statute. Our statutes on appeal do not authorize one who is not a party of record to appeal. Sections 28–27–03, 28–27–04, 28–27–05 and 28–27–08, N.D.C.C.; Guenther v. Funk, supra, and Hart v. Bye, supra.

The second ground that the appeal must be dismissed as to Swanson-Truax Construction Company, a foreign corporation, because it has not been issued a certificate of authority by the State of North Dakota and therefore cannot maintain an action or proceeding in the courts of this State has now become moot.

The third ground advanced for a dismissal of the appeal, that the board of arbitration has not taken or authorized the taking of the appeal, we also find meritorious.

In support of the motion, the State filed in this court an affidavit of the arbitrator appointed by the commissioner and, in resistance to the motion, there was filed in this court the affidavits of the other two arbitrators and of the two attorneys who appeared at the hearing in the lower court and resisted the application for a peremptory writ of prohibition. We have not been supplied with a transcript of any of the proceedings that took place before the board of arbitration, except the award and order setting hearing quoted from above.

A reading of the affidavits discloses the board of arbitration did not meet after the alternative writ of prohibition was served upon its members. No meeting of the board was called, scheduled or noticed, and it ap-

pears none was attempted. The occurrence of the events must be gathered from the affidavits referred to.

Arbitrator William R. Pearce avers that after he was served with the alternative writ of prohibition, he discussed the matter of submitting a return with another member of the board. He does not disclose with whom. He states he received a proposed return from Leonard Lindquist prepared for the signature of the board members. Mr. Pearce states he signed it and on the return day personally appeared on behalf of said board before the court and filed the return. He also avers that at no time did he agree that counsel be retained to represent the board, nor was he inquired of, notified or told of the retaining of counsel, and that he did not agree to counsel being retained to represent the board of arbitration either to resist the alternative writ or to appeal from the adverse order. He further avers that he never understood at any time that an attorney was representing the board, either at the hearing on the alternative writ or for the purposes of appeal.

The affidavit of Norris C. Bakke, chairman of the board of arbitrators, explains his action. He avers that after the alternative writ was served on him, he had occasion to go to Minneapolis, Minnesota, where he conferred with arbitrator Leonard Lindquist concerning their obligations; that he and Mr. Lindquist, after conference, called on Mr. Miles W. Lord, an attorney at law in Minneapolis, Minnesota, and jointly retained his services and delivered to him copies of the alternative writ for appropriate legal response; that later he received in the mail a proposed return which he read and signed as chairman of the board, and returned the same to Mr. Lord with instructions to proceed as necessary with proper legal representation of the board in the proceeding. He states that he later learned the said attorney had retained Mr. John F. Lord, an attorney at law at Mandan, North Dakota, as local counsel and he acquiesced in this.

The affidavit of the third arbitrator Leonard Lindquist corroborates most of the averments in the affidavit of Norris C. Bakke. In addition, Mr. Lindquist avers that he received the proposed response to the alternative writ prepared by Mr. Lord and proceeded to obtain the signatures of Mr. Bakke and Mr. Pearce thereto. He also avers on his best recollection at the meeting of the board of arbitration held on November 23, 1960, the State took the position that it would accept nothing less than a Supreme Court decision on the question of jurisdiction and · at that time there was complete agreement by the board of arbitration that the case should be heard in the Supreme Court, and that Mr. Miles W. Lord was authorized to take any necessary steps to vindicate the position of the board of arbitrators on its behalf to sustain their decision that it had jurisdiction. He also avers it was his understanding that the said attorney was authorized to take any necessary steps on behalf of the board of arbitration and its members up through the Supreme Court if necessary to resist the State's position that jurisdiction was lacking.

The affidavit of Miles W. Lord states that he represents the three construction companies and appeared on their behalf at the November 23 meeting of the board of arbitrators. He corroborates the averments of Mr. Lindquist relative to the discussion pertaining to the State's announcement that it would be satisfied only with a Supreme Court decision on the question of jurisdiction of the subject matter and avers that at that time he advised the board of arbitration as follows:

"* * * that if they decided in a manner which was favorable to my clients and if the State took an appeal from this action, I would represent them on the appeal to the Supreme Court at no expense whatsoever to the Board of Arbitration."

He then avers that this offer was accepted by two members of the board and a third

member, Mr. Pearce, did not dissent. He also avers that his appearance and that of Mr. John F. Lord in the district court and the preparation of the appeal to the Supreme Court was on behalf of the members of the board of arbitration and the three construction companies.

The affidavit of John F. Lord corroborates the affidavit of Miles W. Lord in the areas referred to and in which he participated.

The notice of appeal was signed by the said attorneys for the named appellants and not by the members of the board of arbitration. No additional evidence or proof has been submitted to us. There is no transcript of the proceedings before the board of arbitration in the record and there is no transcript of the proceedings had in the district court, except for the partial transcript containing only the stipulation of the facts. On this record the attorneys who profess to appear for the appellant board of arbitration argue the appeal was authorized.

It is apparent, taking all of the information contained in all of the affidavits filed in support of and in resistance to the motion for dismissal of the appeal, that no collective action was taken by the board of arbitration to engage counsel to represent the board in the district court, to authorize an appeal from the adverse decision in the district court to the Supreme Court, or to engage counsel to represent the said board in an appeal. The affidavits clearly indicate that whatever action was taken pertaining to engaging counsel was taken by the joint action of two members of the board acting independently. Such action was taken without calling a meeting and the question arises whether or not members of the board of arbitration, acting independently, without a meeting can bind the board where such independent actors constitute a majority of the board.

There is no statutory provision and no provision in the submission which governed the board under circumstances such as developed in this case. A decision to defend in the district court or to appeal to the Supreme Court from an adverse decision in the district court was not ministerial, it was discretionary. There is no statutory provision providing that members of the board may act individually on behalf of the board, nor is there any evidence as to the delegation of the power. The matter, however, was tried on its merits in the district court and that court did not on its own motion dismiss the proceeding. No question as to the lower court's jurisdiction of the parties or of the subject matter was raised in the lower court, nor is it raised in this court. We cannot review the remedy invoked. Lamb v. Northern Improvement Co., 71 N.D. 481, 38 N.W.2d 77; Lindberg v. Burton, 41 N.D. 587, 171 N.W. 616; Roach v. McKee, 66 N.D. 304, 265 N.W. 264; Nord v. Nord, 68 N.D. 560, 282 N.W. 507.

■ The State sought and received a judicial determination in the lower court of the exact question it had submitted for decision to the board of arbitration and upon which it had received an adverse ruling. We think the propriety of this action is questionable. However, the issues were met and the matter litigated in the district court and even if we were to hold that this was a collateral attack and not a direct attack, nevertheless the respondent board of arbitration has waived any such right to attack the method employed in the lower court. It litigated the issue directly in a proceeding in which the propriety of the remedy was not raised and by application of the foregoing rule would now be estopped to raise it in the Supreme Court.

■ The motion for dismissal of the appeal pending before this court is not to be decided in the light of what occurred or did not occur in the lower court. The question before the board of arbitration, whether or not an appeal should be taken, is a new and independent matter and requires

discretionary action on the part of the board.

In this State the right to appeal is entirely statutory and one attempting to appeal must show his right thereto. Helland v. Jones, 76 N.D. 511, 37 N.W.2d 513. Appeal is not a matter of right but a statutory privilege and one who would enjoy such privilege must show the law conferring it upon him. Helland v. Jones, supra; Spencer v. City of Portland, 114 Or. 381, 235 P. 279.

■ A board of arbitration constitutes an official board to arbitrate the differences between the parties to the dispute. They must act collectively on all discretionary matters. The board consists of three members, one chosen by each of the parties to the dispute and the third member by the two arbitrators chosen by the parties. If orders issued or decisions rendered by two members of a board of three arbitrators are allowed to stand where no opportunity to participate in the steps leading up to the decisions is afforded to the third member, he could be rendered entirely useless and a party submitting a matter in dispute to arbitration could thus be effectually deprived of the services of the one in whose judgment upon such matters he had expressed confidence. There is much supporting authority to this general doctrine. State ex rel. School Dist. No. 94 v. Tucker, 39 N.D. 106, 166 N.W. 820; State ex rel. Lemke v. Chicago & N. W. Ry. Co., 46 N.D. 313, 179 N.W. 378; State ex rel. Lemke v. Union Light, Heat & Power Co., 47 N.D. 402, 182 N.W. 539; State ex rel. Kopriva v. Larson, 48 N.D. 1144, 189 N.W. 626; Rolette State Bank v. Rolette County, 55 N.D. 377, 213 N.W. 848; Rolette State Bank v. Rolette County, 56 N. D. 571, 218 N.W. 637; and Hart v. Bye, supra. For additional authorities see Zottman ex rel. Anderson v. San Francisco, 20 Cal. 96, 81 Am.Dec. 96; People v. Coghill, 47 Cal. 361; Schwanbeck v. People, 15 Colo. 64, 24 P. 575; Harrington v. District Township Liston, 47 Iowa 11; Aikman v. School Dist., 27 Kan. 129; First National Bank v. Drake, 35 Kan. 564, 11 P. 445, 57 Am.Rep. 193; Thompson v. West, 59 Neb. 677, 82 N.W. 13, 49 L.R.A. 337; Dey v. Mayor, etc., of Jersey City, 19 N.J.Eq. 412; Schumm v. Seymour, 24 N.J.Eq. 143; Downing v. Rugar, 21 Wend. 178, 34 Am. Dec. 223; Crocker v. Crane, 21 Wend. 211, 34 Am.Dec. 228; School District No. 39, Pottawatomie County v. Shelton, 26 Okl. 229, 109 P. 67; Murphy v. City of Albina, 22 Or. 106, 29 P. 353, 29 Am.St.Rep. 578; Nason v. Directors of Poor for Erie County, 126 Pa. 445, 17 A. 616; Pennsylvania R. Co. v. Montgomery County Pass. Ry. Co., 167 Pa. 62, 31 A. 468, 27 L.R.A. 766, 46 Am.St. Rep. 659; First National Bank of North Bennington v. Mt. Tabor, 52 Vt. 87, 36 Am. Rep. 734; and McNolty v. Board of School Directors, 102 Wis. 261, 78 N.W. 439.

■ The term "arbitrators" used in the statutes on arbitration is in the plural and nowhere in the statutes is there any indication of individual powers where judgment must be exercised, nor do the statutes indicate that the arbitrators may act individually. At common law all members of an official body had to be present in order to have a quorum. State ex rel. Youngs v. Board of Elections of Lucas County, 81 Ohio App. 209, 78 N.E.2d 761. However, according to other authorities, it is sufficient that all members shall have had notice where not all attend and that where a majority may decide, a majority may make a quorum. State ex rel. Churchill v. Bemis, 45 Neb. 724, 64 N.W. 348; People v. Walker (N.Y.), 23 Barb. 304, 2 Abb.Pr. 421; 67 C.J.S. Officers § 109, p. 394. However, powers and duties of boards and commissions may not be exercised by the individual members separately. 42 Am.Jur., Public Administrative Law, Sec. 74; and 73 C.J.S., Public Administrative Bodies and Procedure, § 20. Their acts are official only if done by the members convened in session. State v. Kelly, 27 N.M. 412, 202 P. 524, 21 A.L.R. 156; Ryan v. Humphries, 50 Okl. 343, 150 P. 1106, L.R.A.1915F, 1047; Pennsylvania R. Co. v. Montgomery County Pass. Ry. Co., 167 Pa. 62, 31 A. 468, 27 L.R.A. 766, 46 Am.

St.Rep. 659; Honaker v. Board of Education, 42 W.Va. 170, 24 S.E. 544, 32 L.R.A. 413, 57 Am.St.Rep. 847.

 In the absence of express statutory provisions to the contrary, the action of the majority cannot be regarded as valid unless all are present or have been notified. State v. Guiney, 26 Minn. 313, 3 N.W. 977. In the instant case no meeting was called, no notice of meeting was given and no meeting was held. No official action was taken by the arbitrators to appeal. In the absence of these requirements, the action taken by two members of the board of arbitration as individuals does not constitute the action of the arbitrators and we find that no appeal has been authorized or directed in this case.

In dismissing this appeal upon the grounds heretofore considered, we do not intend to imply the board of arbitrators are aggrieved persons or parties entitling them to appeal. We have said that only a party or person aggrieved by a judgment or order of the district court can appeal from it to the Supreme Court. Pearce v. North Dakota Workmen's Compensation Bureau, 68 N.D. 78, 276 N.W. 917; King v. Stark County, 72 N.D. 717, 10 N.W.2d 877; and Application of Hvidsten Transport, Inc. (N.D.) 113 N.W.2d 73.

In order to be entitled to an appeal as an aggrieved person, a party must have some legal interest that may be enlarged or diminished by the decision appealed from. Such a party must be injuriously affected by the decision. Huber v. Miller (N.D.), 101 N.W.2d 136.

It is well established that disinterestedness, impartiality and fairness are requisite qualifications of arbitrators and that they must not be a party to the dispute. Any other principle would be repugnant to the ends of justice. 6 C.J.S. Arbitration and Award, § 46; and 3 Am.Jur., Arbitration and Award, Secs. 88, 89 and 90.

This ground was not raised by the motion, although we believe it well could have been.

Because the case is already disposed of for other reasons set forth herein, we do not rule on the ground named above.

The motion is granted and the appeal is ordered dismissed.

SATHRE, C. J., and BURKE, MORRIS and STRUTZ, JJ., concur.