[File No. 6978]

C. L. ROE, Appellant, v. MALCOLM HETHERINGTON, Respondent, and Northern Pacific Railway Company, a Corporation, Garnishee.

(24 NW2d 56.)

Opinion filed August 29, 1946.  Rehearing denied September 23, 1946.

*J. E. Hendrickson* and *E. H. Mielke,* for appellant.

694

*Hyland & Foster,* for respondent.

BURR, J.  A statement of the sequence of events is necessary to understand the situation presented by this appeal.

December 24, 1943, the plaintiff, a resident of Iowa, commenced an action in the county court of Cass County, to recover on a promissory note alleged to have been executed by the defendant.  The note was not dated but was executed apparently about December 1929, and was due "March first, after date."

The summons and the complaint were served upon the defendant, a resident of Burleigh County in the employ of the railway company.  The record shows he has resided in this State ever since the note was given.

Defendant demanded a change of the place of trial to the district court of Burleigh County, and on January 3, 1944 the parties stipulated a change.  The stipulation was not presented to the county court, and no court order authorizing such change was made thereon.

The defendant answered on Januray 10, setting forth a general denial and pleading the statute of limitations.

Apparently plaintiff thereafter contemplated dismissal of the action as in Ex. 13 his counsel stated, in a letter to defendant's counsel,

"I am enclosing to you herewith a Dismissal of the action in the above case, if you are unable to obtain a settlement for us for 50% of the balance due, or $30.00.

"This debt was contracted in Minnesota and was not outlawed when he left the state of Minnesota and we will have to send this note for further court action against his employer unless settlement is made at this time as herein stated."

Counsel for the respective parties signed the following statement:

"State of North Dakota       in District Court
County of Burleigh      Fourth Judicial District

---

C. L. Roe,
          Plaintiff

vs.

Malcolm Hetherington,
          Defendant

---

It is hereby stipulated by and between the plaintiff and the defendant in the above entitled action by their respective attorneys that the above entitled action be, and hereby is dismissed without prejudice and without costs.

Dated January 14, 1944.

H. E. Mielke
Attorney for Plaintiff
Hyland & Foster
Attorneys for Defendant"

This agreement for dismissal was not filed in the district court; no entry of dismissal was made on the clerk's register; no application was made to the court for order of dismissal; and no papers in this action were filed in either court.

On or about June 29, 1944, while the record was yet in the county court, plaintiff ignoring the agreements for change of venue and for dismissal, made an affidavit for garnishment and issued a garnishment summons, all entitled in this case in the county court, making the Northern Pacific Railway Co., defendant's employer, garnishee. These papers were served upon the garnishee, and the defendant's wages were withheld from him.

On July 27, 1944 the defendant served upon the plaintiff an amended answer containing a general denial, pleading the statute of limitations as before, and setting forth a counterclaim against the plaintiff, claiming damages in the sum of $1,000.00 because of plaintiff acts during the progress of these events, in

having defendant's wages garnisheed and putting him to cost and expense. The plaintiff failed to reply.

On or about August 7, 1944 defendant demanded the transfer of these garnishment proceedings to the district court of Burleigh County and upon plaintiff's refusal to agree applied to the county court for an order to show cause.

On August 11, plaintiff filed this "return to order to show cause:"

(Ex. 22)

"State of North Dakota
County of Cass             in County Court

| | |
|---|---|
| C. L. Roe,        Plaintiff | |
| vs. | |
| Malcolm Hetherington, Defendant | |

## RETURN TO ORDER TO SHOW CAUSE

Comes now the above named plaintiff and for his Return to the defendant's Order to Show Cause dated August 7, 1944, returnable on the 17th day of August 1944 at 10:00 a.m., and objects upon the following grounds:

(1) That the Court has no jurisdiction over the parties or the subject matter herein.

(2) That no summons, complaint, affidavit for garnishment and garnishment summons has ever been served upon the defendant.

Wherefore, plaintiff asks that the defendant's motion for change of venue and order to show cause, be in all things dismissed, and that plaintiff be given the usual motion costs.

Dated this 11th day of August, 1944."

Plaintiff claims he dismissed these garnishment proceedings on August 21, 1944. There is an affidavit by Mr. Mielke to that effect, introduced by defendant at the trial of the case as an ex-

hibit in support of his counterclaim, and a statement to that effect in a letter written by counsel Mielke to the County Judge.

On August 12, 1944 counsel for plaintiff served what he called: (Ex. 90) "Notice of Special Appearance,"

"State of North Dakota　　　　　in District Court
　County of Burleigh　　　　　　Fourth Judicial District

| | |
|---|---|
| C. L. Roe, Plaintiff,<br><br>　　　　vs.<br><br>Malcolm Hetherington, Defendant. | Notice of Special Appearance. |

To Hyland & Foster
Attorneys for Defendant

Sirs:—Please take notice that I am retained by and appear as the attorney for C. L. Roe, Plaintiff in this action, for the purpose of moving to dismiss above action, answer and counterclaim, on the following grounds:

1. That the Court has no jurisdiction over the parties or the subject matter herein.

2. That no summons or complaint has ever been served upon the defendant in this action; that the plaintiff is a non-resident and that no service has been made upon the plaintiff by the defendant.

Wherefore, Plaintiff asks that the defendant's answer and counterclaim be in all things dismissed, and that the plaintiff be given the usual motion costs.

Dated this 12th day of August, 1944.

　　　　　　　　　　　　　H. E. MIELKE
　　　　　　　　Attorney for C. L. Roe, Plaintiff,
　　　　　　　　for the purpose of this motion only.
　　　　　　　　Fargo, North Dakota"

The record shows an amended answer was served upon Mr. Mielke, who initiated the proceedings as counsel for plaintiff.

Service upon Mr. Mielke was service on the plaintiff, if there was any action pending.

In his affidavit, under date of March 6, 1945, made in support of a motion to vacate the judgment, plaintiff and appellant states:

"That he is a resident of the . . . State of Iowa · . . . ; that he is the owner of considerable commercial paper consisting of notes, accounts and demands in the States of North Dakota and Minnesota;

That in November 1942, this affiant employed several attorneys to represent affiant in connection with said commercial paper and in the collection thereof in the States of Minnesota and North Dakota; that this affiant did during the said month of November 1942, employ attorney H. E. Mielke of Fargo, N. D.,—to represent this affiant in connection with said commercial paper in the bringing of actions and defending actions in affiant's behalf, and to otherwise collect, receive and receipt for money so collected upon said paper, notes, accounts and demands, and that said H. E. Mielke was also authorized to employ any other attorneys either in Minnesota or North Dakota; to assist him in the collection of said paper and to represent this affiant in any and all matters in connection with said commercial paper, suits and hearings."

Mr. Mielke was the counsel who commenced the action in the county court, and conducted all of the proceedings for the plaintiff mentioned, except the proceedings in the municipal court of St. Paul and as to these he states in Ex. 49—a letter to the defendant dated June 29, 1944,—"We are today garnisheeing the Railway Co. on this note as the same is in good standing under the laws of the State of Minnesota."

No motion "to dismiss above action, answer and counterclaim" was made. So far as the record shows the only action taken by the plaintiff in the district court, until after the entry of judgment hereinafter mentioned, was service of this notice of retainer.

On or about August 14, 1944 the plaintiff commenced an action in the municipal court of St. Paul, Minnesota, against this de-

fendant upon the same note involved in this action, had garnishment proceedings initiated therein, made the railway company the garnishee, and thereupon the defendant's wages were again withheld from him.

The plaintiff served notice (Ex. 140) upon the defendant that at the special term of the municipal court of St. Paul to be held September 12, 1944, he would move for judgment against the garnishee for $150.40 stating, "Said motion will be based upon the disclosure of the garnishee, *the judgment entered against the defendant,* and upon all the records and files herein."

The defendant had answered in the Minnesota case and had moved that court to dismiss the action. The court denied the motion and the garnishee, upon the order of the defendant having paid to the plaintiff the sum of $150.40, the plaintiff filed a dismissal of these proceedings.

On September 20, 1944 the county court ordered "that the place of trial of the above entitled action be changed from that of the County Court, Cass County, North Dakota, to the District Court, Burleigh County, State of North Dakota," ordered the transfer of the "records and files of this Court, to the Clerk of District Court . . ." and the papers were transferred on October 2, 1944.

On October 18, 1944 defendant served upon the plaintiff a note of issue and a notice of trial of the action at the next term of the district court. The term convened December 13, 1944. Plaintiff failed to appear. Defendant appeared, waived a jury trial, testimony was introduced, findings of fact were made by the court, and judgment for $600 in favor of the defendant and against the plaintiff was ordered on the counterclaim with interest from September 19, 1944. February 7, 1945 judgment was entered and notice of entry of judgment served.

At this time new counsel appeared for the plaintiff and the following motion was made in the district court:

"Comes now the plaintiff in the above entitled action, by and thru his attorney, J. E. Hendrickson, of Fargo, North Dakota, and moves the Court for an Order to Show Cause why the judgment entered in the above entitled action in the District Court.

in and for the County of Burleigh and State of North Dakota, on the 7th day of February, 1945, in favor of the defendant, Malcolm Hetherington and against the plaintiff, C. L. Roe, should not be in all things vacated and set aside on the grounds and for the reason that no notice of the trial before this Court or determination of the issues therein was given to the plaintiff or his attorney, H. E. Mielke, who resides in the City of Fargo, Cass County, North Dakota, that said action was first to be tried and determined; and upon the further ground that the plaintiff herein had interposed a Special Appearance objecting to the jurisdiction of the trial court over the parties or the subject matter herein.

That the Special Appearance herein should have been presented to the Court for a final determination before proceeding to try and determine the issues raised by the defendant's counterclaim herein.

That the Order to Show Cause hereto attached to this Motion be heard by this Court on the 14th day of March, 1945, at the Court's Chambers, in the Court House in the City of Bismarck, County of Burleigh and State of North Dakota, at ten o'clock A.M., of said day, or as soon thereafter as counsel can be heard.

Dated this 28th day of February, 1945."

The problem thus presented to the trial court must be solved in the light of the application made for that purpose.

In his motion to vacate the judgment the plaintiff rested his case upon two propositions. First: "That no notice of the trial . . . was given to the plaintiff or his attorney H. E. Mielke . . . ." Appellant is in error in this respect. The record shows notice of trial and note of issue were served upon Mr. Mielke.

Second: "That the plaintiff herein had interposed a special appearance objecting to the jurisdiction of the trial court over the parties or the subject matter herein." We have already set forth what the plaintiff called a "special appearance" which was merely a notice of retainer. He made no motion, he applied for no order to show cause, he made no appearance of any kind in

the district court. This so-called "notice of special appearance" can in no sense be considered a motion; and even if plaintiff had attempted to construe it as such he never brought it on for hearing nor notified the defendant of any time or place where a motion would be made or heard.

This disposes of the grounds presented to the trial court. The court refused to vacate the judgment and the plaintiff appeals.

The notice of appeal states:

"You will please take notice that the plaintiff, C. L. Roe, appeals to the Supreme Court of the State of North Dakota, from that certain Order Denying Plaintiff's Motion to Vacate the default judgment in said case, which Order is dated the 11th day of April, 1945, and made by the Hon. Fred Jansonius, Judge of the District Court, and was filed in the office of the Clerk of the District Court in and for Burleigh County, at Bismarck, North Dakota, on the 17th day of April, 1945.

You will also take notice that the plaintiff and appellant herein appeals from said Order and from the whole thereof, and demands a review of the entire case and all proceedings of the District Court herein.

That hereto attached and herewith served upon you are Plaintiff's Specifications of Errors of Law and Plaintiff's Undertaking on Appeal from said Order and Proceedings."

As errors of the Court appellant assigns:

## I.

"The Court erred and abused its discretion in denying Plaintiff's Motion to Vacate the default judgment entered herein.

## II.

The Court erred in denying plaintiff the right to present for argument the Special Appearance made and served upon the defendant herein after the service of the alleged counterclaim on the part of the defendant.

## III.

The Court erred in allowing the defendant herein to enter judgment against the above named plaintiff without notice to said plaintiff or his attorneys.

## IV.

That the Court erred in attempting to assume jurisdiction of the parties and the subject matter herein in the entry of the judgment against the plaintiff."

In this court appellant argues the lack of notice of trial and the so-called "special appearance" in the trial court; but, as shown heretofore, there is no merit in those assignments.

Assignments of error No. 1 and No. 4 are bottomed upon the contention of the appellant that there was no case pending in the district court.

The plaintiff in support of his motion to vacate the judgment presented an affidavit by Mr. Mielke. Therein is set forth a resume of the facts to show there was no case pending in the district court because of this alleged dismissal of the case and the settlement of the action brought in the municipal court of St. Paul. These matters are argued by the plaintiff upon the appeal here.

The plaintiff contends that, though at first he had stipulated a change of venue, the stipulation for dismissal settled the original case and that thereafter there was nothing before either court. He argues: that the old matter was ended; that the county court had no case before it justifying garnishment proceedings and that he dismissed those; that the amended answer containing the counterclaim had been drafted and served after the stipulation for dismissal was executed; that it could not be considered as a new case brought by defendant for no service had been made upon the plaintiff; because of that and the stipulation for dismissal the district court had no jurisdiction of any case. He admits the making of the affidavit for garnishment, the issuance of the garnishment summons and the service of these papers upon the garnishee, all begun in the county court and under the title of the present action; but states that such proceedings on his part did not initiate a new case.

It appears to be the theory of the appellant that where there is consent of the parties to a change of venue the place of trial is changed, ipso facto. If this theory be correct then of course

the district court had jurisdiction of the case immediately upon the execution of the consent to the transfer.

If such consent be not in itself sufficient to transfer the case, but needs to be supplemented by an order from the county court transferring the files and papers, then the venue remained in the county court. Thus the stipulation for dismissal is the crucial point in the case, for the record shows that after the stipulation for dismissal had been signed the county court ordered the transfer of the entire case to the district court, thus giving that court jurisdiction over whatever case there was.

Appellant proceeds on the theory that because there was a stipulation of dismissal the action was dismissed. In this appellant is in error. *A stipulation for dismissal is not a dismissal.*

Section 28–0801, Rev Code subd 2, provides that an action may be dismissed "by either party with the written consent of the other . . . ." But a dismissal of an action requires some action by the court or court officer. Section 28–0802 provides, "When an action is dismissed—pursuant to the written consent of the parties thereto, such dismissal may be made by an entry in the clerk's register." Clearly the section intimates that more than a mere stipulation is necessary to dismiss an action. An entry in the clerk's register must be made, or some action taken by the court. Upon such stipulation either party could move the court for judgment of dismissal or either party could take the stipulation and file it with the clerk and have the entry made. In 17 Am Jur 80, *Dismissal, Discontinuance, and Nonsuit,* it is shown, "In such cases the entry of dismissal by the clerk ipso facto constitutes a dismissal."

The rule is stated thus in 27 CJS 162: "The parties of record may agree to a dismissal, discontinuance, or nonsuit, and if properly made it is the duty of the court to carry such agreement into effect." The court cannot "carry it into effect" until so requested.

In McColgan v. Jones, Hubbard & Donnell, 11 Cal2d 243, 78 P2d 1010 and McColgan v. Lohmann & Nowell (Cal App) 72 P2d 764 (under slightly different title) the court was construing the effect of the California Code provisions with reference to dis-

missal of cases and shows that the written request for dismissal is not the dismissal. It is immaterial whether the case is ended by being dismissed by a party entitled to dismissal, or whether there is a dismissal by nonsuit. Some action by a court officer is necessary.

In 9 Cal Jur 514, §. 9, comment is found in relation to dismissal by joint consent. When the written consent is filed it becomes the duty of the clerk to make an entry in his register. If the clerk should refuse to do so he could be compelled to enter such dismissal. In the case at bar the clerk of the district court could make such entry.

All through the discussions on dismissals runs the theory that affirmative action for nonsuit or dismissal must be taken by the court, or by the clerk, according to the method followed. There is no dismissal of the case until this is done. In the case at bar appellant was content to let the matter rest upon this stipulation for dismissal. Whether this was done in order to save filing costs in two courts or for some other reason the record does not show, but no dismissal was entered.

No formal abrogation of the stipulation for dismissal was made and we have held: "Stipulations entered into dealing with important phases of a lawsuit cannot be lightly treated. They are solemn and binding obligations of the parties." Schott v. Enander, 73 ND 352, 360, 15 NW2d 303, 307. But parties may ignore, rescind or abandon stipulations. They need not be rescinded formally. A party who enters into a stipulation may waive any right or benefit he has thereunder, and when he acts contrary thereto, he cannot thereafter claim benefits under it. This is particularly so when his opponent acquiesces. See Fire Asso. v. Zorn, 82 Colo 408, 260 P 685. On this general theory see also Hughes v. Jackson, 12 Md 450; Plater v. W. C. Mullins Constr. Co. 223 Mo App 650, 17 SW2d 658. And both parties may so act. Gage v. Commercial Nat. Bank, 86 Ill 371.

Both sides ignored the stipulation. The plaintiff ignored it by going into the court in which he had commenced the case which he alleged was dismissed and taking advantage of the pro-

visional remedy of garnishment. The affidavits in support of his contention here state specifically that there was no new summons or new complaint issued when these garnishment proceedings were commenced. The record shows they were entitled in the old case and the venue laid in the county court despite the fact that plaintiff had stipulated for a change of venue and had stipulated for a dismissal. He ignored both stipulations.

While defendant did not ignore the stipulation for change of venue he did ignore the stipulation for dismissal by the service of the amended answer.

This rule is laid down in 60 CJ 90: "A stipulation may be abrogated, waived or abandoned by acts of both parties which amount to a virtual disregard thereof, or one of the parties may waive the benefit thereof by his acts, as where he takes some step in conflict with the provisions of the agreement." Both sides took steps "in conflict with the provisions of the agreement."

Defendant, in support of his counterclaim, introduced the stipulation in evidence; but this was clearly for the restricted purpose of showing, by the violation of the stipulation, the further attempt of the plaintiff to vex and harass the defendant. In Crecelius v. Chicago, M. & St. P. R. Co. 274 Mo 671, 679, 205 SW 181, the court had before it "a written stipulation as to a certain fact, signed by plaintiff's and defendant's counsel." It was offered in evidence "for definitely restricted purposes." The court held that the stipulation had been contradicted by both parties and clearly it was not binding. Appellant takes the position that, "the plaintiff and his attorney fully relied upon said Stipulation as being a final dismissal of that action then pending, and it must follow that had the plaintiff undertaken to proceed further in that action against the defendant, after signing said Stipulation, the defendant, thru his Attorneys, would certainly have moved to have any such proceedings dismissed for the reason that there was no action pending because of said Stipulation."

The answer is that the defendant did not move to have them

"dismissed for the reason that there was no action pending because of said Stipulation."

In his application to the county court made after "the plaintiff (had) undertaken to proceed further in that action against the defendant" the defendant set forth that a written demand for a change of venue had been made in his garnishment proceedings, "that Cass County was not the proper place of trial of the above entitled action" and in his brief in support thereof, (one of the records in this case) he shows this stipulation for dismissal had been made but that the plaintiff had begun these garnishment proceedings without serving any summons or complaint or any other papers upon the defendant, that the defendant had served his amended answer and that the plaintiff was trying now to dismiss the action and defendant objected to it "for the very reason that we intend to have the case come on for trial on its merits to prevent the Plaintiff from starting further vexatious lawsuits." This brief is entitled in the case of Roe v. Hetherington with the railway company as garnishee and the venue is laid in the district court of the county of Burleigh. The defendant insisted on having the garnishment proceedings follow the original case that had been transferred.

Appellant states further:

"That after said dismissal, the plaintiff herein attempted to commence another action against the said defendant upon said note, but that said action was never completed; that only Garnishment Summons and Affidavit for Garnishment were served upon the garnishee, the Northern Pacific Railway Company. No pleadings whatsoever were made or served upon the defendant in said garnishment proceedings or at all; that said Garnishment Summons and Affidavit for Garnishment were never filed with the Court as required by § 32–0912, of the North Dakota Revised Code of 1943,"

"That because of the failure on the part of the plaintiff to file said garnishment process, said Garnishment Summons and Affidavit for Garnishment became null and void.

It was after this that the defendant attempted to serve a counterclaim. It must be borne in mind that no service of the Sum-

mons and Complaint, Garnishment Summons and Affidavit for Garnishment herein mentioned was made upon the defendant."

Plaintiff is required to serve the garnishee and the defendant with the "summons and annexed affidavit" (32–0909, R.C.) but the service upon the defendant need not be made until "within ten days after service on a garnishee."

The defendant did not need to wait for service of the garnishment papers upon him. He may waive that as he did here. In his counterclaim he sets forth these garnishment proceedings in support of his claim for damages; and while § 32–0909, R.C. provides that "unless the garnishee summons was so served on the defendant—the service on the garnishee shall become void and of no effect from the beginning"; this does not prevent the defendant from joining issue on what had been done. His wages had been tied up. He was required to take some steps to show both the garnishee and the court that the proceedings had failed for want of service upon him, or for any other cause; or he could ignore the lack of service. When the plaintiff saw the proceedings would be transferred (though no formal decision was rendered until September) he entered a dismissal of the garnishment proceedings.

Plaintiff goes into a rather extended discussion of what he terms the universal practice of the clerks of the various district courts in sending notices to non-resident counsel and also as to the effect of a pre-trial conference; and as to his failure to present the merits of his case doubtless to show why no appearance was made when the case was called for trial. None of these matters is before us. He did not apply to the district court for leave to reply or for leave to be heard upon the merits in order to show that the judgment should be vacated. He depended entirely upon the alleged lack of notice of trial and on the theory there was no case pending because the original case had been dismissed.

The district court had jurisdiction of the case because of its transfer to it; because of the failure to have the stipulation for dismissal filed and a dismissal entered and because the parties in this case both acted as if no such stipulation was in existence.

Where the parties so act they negative the effect of such stipulation.

It is not necessary for us to determine questions raised as to the efficacy of the judgment rendered in the municipal court of St. Paul. The record shows this was a plain action upon the promissory note which was the subject of plaintiff's action here. Assuming that judgment to be valid nevertheless it dealt merely with that part of the action which concerned plaintiff's right under the note. It did not in any manner affect the counterclaim. The respondent, in his evidence presented to sustain his counterclaim, showed his payment of $150.40 and costs as part of the damage which he claims he suffered because of the harassment by the plaintiff. The record shows very clearly that had the issue raised by the defense of the statute of limitations been tried in the district court here it would have been sustained.

The trial court was justified in proceeding to hear the testimony in support of the counterclaim. The decision of the court is presumed to be correct. No reversible error is shown, and therefore the judgment of the lower court is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE and MORRIS, JJ. concur.