**Ivan GOHEEN, Plaintiff and Appellant,**

v.

**J. C. GAUVEY, Defendant and Respondent.**

No. 8049.

Supreme Court of North Dakota.

June 20, 1963.

Joseph P. Stevens, Minot, for plaintiff and appellant.

Bjella, Jestrab, Neff & Pippin, Williston, for defendant and respondent.

TEIGEN, Judge.

Plaintiff seeks to recover $3,000 which he alleges he loaned the defendant. The defendant denies there was a loan.

The plaintiff is the secretary, assistant treasurer and the manager of Northwest Oil Drilling Company, a corporation, of Minot, North Dakota. The defendant is a trucking contractor, doing business as Gauvey Rig and Trucking Company at Williston, North Dakota. The defendant did oil field hauling and trucking and was engaged from time to time, over a period of several years, by Northwest Oil Drilling Company and also by the plaintiff personally.

Northwest Oil Drilling Company was indebted to the defendant for trucking performed in an amount over $33,000. In July of 1958, the defendant called at the office of Northwest Oil Drilling Company and, on various occasions, made demand upon the plaintiff, its manager, for payment on the account. The plaintiff informed the defendant that Northwest Oil Drilling Company had no money and could not pay. The defendant was in need of money with which to purchase licenses for some of his trucks. On separate occasions during the month of July, the plaintiff introduced the defendant to the presidents of two Minot banks where the defendant applied for a loan but was denied. Subsequent thereto, and on July 23, 1958, defendant again called on the plaintiff at the offices of the Northwest Oil Drilling Company at Minot and again demanded payment. On this occasion the plaintiff gave the defendant his personal check in the amount of $3,000 and wrote on the check the words "Advance Loan." No promissory note or other evidence of indebtedness was executed and the defendant credited the account of Northwest Oil Drilling Company in the amount of the payment.

The evidence discloses the plaintiff had on various occasions paid from his personal funds accounts of the Northwest Oil Drilling Company. Some of these payments had been made to this defendant. Subsequent to this transaction, the defendant did trucking for the plaintiff on about ten different occasions and was paid therefor by the plaintiff sums equalling more than $2,800. He also did subsequent trucking for the Northwest Oil Drilling Company, some of which was paid for by the plaintiff with his personal check. The total of the sums paid equalled more than $10,000, more than $6,000 of which was paid by personal checks of the plaintiff. At no time did the plaintiff attempt to offset the claimed loan from any of these charges.

It does not appear that there was any further discussion of the transaction in issue in this suit until July of 1960, about two years after the check was given, at

which time Northwest Oil Drilling Company was forced into involuntary bankruptcy. The defendant is its largest creditor.

The plaintiff was asked on cross-examination this question:

"Q. Did you ever demand payment of this?"

The plaintiff answered:

"A. Not until last July, prior to the time Mr. Gauvey and Mr. Pippin came over to Northwest Drilling to take possession of the records. It was adjudged bankrupt and at that time I asked Mr. Gauvey for this three thousand dollars."

The testimony is in dispute, the plaintiff claiming that the payment was a loan and that the notation on the check "Advance Loan" was his method of indicating this on his records. The defendant claims it was part payment of Northwest Oil Drilling Company's account to him and that the words "Advance Loan" placed on the check were for the purpose of indicating on the plaintiff's records that it was a further advance to the Northwest Oil Drilling Company in accordance with the plaintiff's practice and custom. There was very little corroboration of the testimony of either of the parties.

The plaintiff's bookkeeper testified that the check in question was posted as "bills receivable of Mr. Goheen" and "in Mr. Goheen's personal account." We do not know to whom it was charged, nor do we know whether or not the witness had reference to the books of the Northwest Oil Drilling Company or to the books of the plaintiff. The books showing this entry were not introduced in evidence. The defendant introduced in evidence a page from his ledger posted to the account of "Northwest Oil Drilling" showing a balance brought forward of $34,550.02, a credit dated July 24, 1958, marked "Ivan Goheen Personal Check" of $3,000, and a balance of $31,550.02.

The case was tried to the court without a jury. The trial judge found that the words "Advance Loan" on the face of the check referred to an advance to the corporation Northwest Oil Drilling Company by the plaintiff, who was the corporation's secretary, assistant treasurer and manager. The court found the plaintiff had paid obligations for the corporation to the defendant with his personal checks before and after July 23, 1958; that plaintiff from time to time loaned money to the corporation to pay its obligations; that no promissory note had been received or requested; that no rate of interest was agreed upon, fixed or demanded by the plaintiff; that plaintiff had not at any time offset or tried to offset balances owing the defendant on subsequent business between the parties and that the defendant was not indebted to the plaintiff as alleged. The trial court dismissed the action.

■■ The plaintiff has appealed from the judgment of dismissal and demands a trial anew in this court under the provisions of Section 28–27–32, N.D.C.C. The plaintiff and the defendant, and their respective corroborating witnesses, testified in person before the trial court and such court had an opportunity to pass upon their credibility. In appeals under Section 28–27–32, supra, we determine the facts upon the record presented here but in doing so give appreciable weight to the findings of the trial court, especially when based upon the testimony of witnesses who appeared in person before the court. See Pauly v. Haas (N.D.), 84 N.W.2d 302, and numerous cases cited therein.

We have examined the record and when we consider the evidence and give to the findings of the trial court the weight to which they are entitled, we are agreed that the judgment of dismissal of plaintiff's cause of action was correct.

Judgment is affirmed.

MORRIS, C. J., and STRUTZ, ERICKSTAD and BURKE, JJ., concur.