Glen A. ZERR, by his Guardian ad Litem, Joseph Zerr, Plaintiff and Appellant,

v.

Gladys C. SOMMER, Defendant and Respondent.

Civ. No. 8635.

Supreme Court of North Dakota.

Aug. 27, 1970.

Duffy & Haugland, Devils Lake, for plaintiff and appellant.

Kenneth M. Moran, Jamestown, for defendant and respondent.

STRUTZ, Judge.

The plaintiff's claim arises out of a farm-equipment accident which occurred on November 4, 1967. The defendant had lost her husband a short time before the accident, and she was in the process of renting the farm. Preparatory to turning the farm over to her renters, she decided that the barn should be cleaned, and so she instructed her fifteen-year-old son, John,

to contact the plaintiff, a seventeen-year-old neighbor boy, who on prior occasions had been hired to help the defendant's late husband with work around the farm. The record discloses that the plaintiff was a farm boy and that he had had considerable experience in operating tractors, including the one involved in the accident.

The plaintiff lived with his parents on a farm 1¾ miles from the home of the defendant. In going to the defendant's farm, the plaintiff could travel on either of two approaches, one from the north and the other from the south. On the day of the accident, the plaintiff used the north approach to reach the defendant's farm buildings.

After completing the work which the plaintiff had gone to perform, he was leaving by the south approach when the accident occurred which resulted in very serious personal injuries to the plaintiff.

In going to work on the defendant's farm, the plaintiff drove his father's WD–9 International tractor, pulling a spreader which was to be used in cleaning the barn. After finishing the work, in the late afternoon of November 4, he stopped briefly to talk with the defendant's son, John, and then proceeded to leave by the south approach. As he was driving on this road leading to the highway, his tractor went out of control and rolled over into the ditch, pinning the plaintiff beneath it. The driveway over which he was moving at the time of the accident was a private road with a dirt surface in which there were several chuckholes, or low spots. At the time of the accident, the weather was cloudy but visibility was good. Evening was approaching, but it still was light outside and no lights were being used on vehicles.

As a result of the accident, the plaintiff suffered severe injuries, including the loss of his left leg at the hip and injuries to his left arm.

No demand for jury trial was made by either party, and the case was tried to the court. After all of the evidence had been submitted, the court ordered judgment for the defendant, having found no negligence on the part of the defendant. The court further found that the plaintiff was negligent in the operation of the tractor at the time of the accident.

From the judgment entered for the defendant, the plaintiff has appealed to this court, demanding trial de novo.

This court repeatedly has held that where an appellant demands a trial de novo and a retrial of the entire case in an appeal from a judgment in an action tried to the court without a jury, the findings of the trial court must be given appreciable weight by the Supreme Court, especially where such judgment is based upon testimony of witnesses who appeared in person before the trial court. Pauly v. Haas, 84 N.W.2d 302 (N.D.1957); Moore v. Lium, 80 N.W.2d 657 (N.D.1957); Strobel v. Strobel, 102 N.W.2d 4 (N.D.1960); Goheen v. Gauvey, 122 N.W.2d 204 (N.D.1963); Renner v. Murray, 136 N.W.2d 794 (N.D. 1965); Parceluk v. Knudtson, 139 N.W.2d 864 (N.D.1966). In such case, the presumptions in favor of the findings of fact, which are applied in cases tried to a jury, are not employed. Belt v. Belt, 75 N.D. 723, 32 N.W.2d 674 (1948). Therefore, in considering this appeal, where the action was tried to the court and where a trial de novo has been properly demanded, it becomes extremely important that the evidence touching upon the alleged negligence of the defendant and the contributory negligence of the plaintiff be carefully examined and reviewed.

It is elementary that in the absence of negligence on the part of the defendant there can be no recovery from her by the plaintiff. In general, under modern rules of law, there can be no liability without negligence on the part of a defendant in a court action.

Actionable negligence consists of a duty, the violation of that duty, and a consequent

injury. The absence of any one of these essentials is fatal to the claim of a claimant. McDermott v. Sway, 78 N.D. 521, 50 N.W. 2d 235 (1951).

■ The term "negligence" is relative, and its application depends upon the situation of the parties and the degree of care which circumstances reasonably impose. Halverson v. Zimmerman, 60 N.D. 113, 232 N.W. 754 (1930).

■ Thus "negligence" is the failure of a person to observe, for the protection of another person's interests, that degree of care, precaution, and vigilance justly demanded by the circumstances, by reason of which failure such other person suffers injury. Belt v. City of Grand Forks, 68 N.W.2d 114 (N.D.1955).

The plaintiff alleges that the defendant was negligent in permitting several chuckholes and rough spots to remain in the driveway, which, when driven over by the plaintiff's tractor, caused the plaintiff to lose control of the tractor; that, as a result, the tractor ran into the ditch and tipped over, pinning the plaintiff beneath it; that the defendant had negligently failed to maintain and keep the driveway in repair and, further, had failed to inform and warn the plaintiff of the existing dangers; and that such negligence served to entrap the plaintiff and was the proximate cause of the accident and the resulting injuries to the plaintiff.

The defendant, on the other hand, denies any negligence on her part, and alleges that the accident was the proximate result of the negligence of the plaintiff in the operation of his tractor.

■ We have carefully examined and re-examined all of the evidence touching upon the question of defendant's negligence. The fact that there were several chuckholes in the defendant's driveway seems to be established. Was it the duty of the defendant, under the circumstances, to warn the plaintiff of these chuckholes? There is no evidence that the defendant ever has operated a tractor, and thus she would have had no reason to know that operating a tractor over a driveway which had some chuckholes in its surface would be extremely dangerous. Neither is there any evidence to indicate that the defendant knew that the plaintiff would be leaving the farm by any route other than the one which he used in coming to work, when he approached from the north and did not use the driveway in question. It also is established that the plaintiff often had been over the south driveway in a school bus and that he knew of the road's condition.

We have read the evidence regarding the condition of this driveway and we have examined the exhibits which disclose its physical state. We believe the roadway was in as good condition as are most farm driveways. The owner and operator of a farm is not required to maintain a perfect road to his buildings. He is not required to provide a driveway that is perfectly safe under all circumstances. While this area of private road might be considered to be negligently maintained if it were a portion of a busy city street, it cannot be held that the owner of a farm is required to maintain the same quality of road for a driveway as would be required in a metropolitan area. As we said in Halverson v. Zimmerman, *supra*, the term "negligence" is relative. Its application depends upon the degree of care which circumstances reasonably impose. Thus a farm driveway may be said to be reasonably safe when persons who exercise ordinary care can and do travel over it with safety. Here, the plaintiff admits that he was operating the tractor at a speed up to ten miles an hour at the time of the accident. Other evidence in the record is to the effect that the plaintiff was traveling up to fifteen miles an hour. We believe that the plaintiff's speed, whether it was near ten miles

an hour, according to the plaintiff's testimony, or whether it was near fifteen miles an hour, as the defendant's witness testified, was too great for conditions then existing, and that the plaintiff failed to observe the rule that vehicles shall be operated at a speed not greater than is reasonable and proper, having due regard for the traffic, the surface of the road, and any other conditions then existing.

One who uses a farm road has the duty of exercising reasonable care for his own safety. The plaintiff's own testimony shows that he had been over this road on many occasions in the past. However, he asserts that on the day of the accident, as he was driving over this private driveway, he did not see the chuckholes. He concedes that it was daylight and that lights were not necessary. Therefore, he had the duty to see what was in plain sight for him to see. The operator of a vehicle is expected to see not only that which is within the ordinary range of his vision but also that which is within such ordinary range of vision that it would have been seen by a reasonably prudent person while exercising ordinary care under similar circumstances. King v. Railway Express Agency, Inc., 107 N.W.2d 509 (N.D.1961).

We agree with the findings of the trial court, and we find that the plaintiff has failed to show, by a preponderance of the evidence, any negligence on the part of the defendant. We further find that the plaintiff was negligent in the operation of his tractor. Therefore, even if negligence on the part of the defendant had been established, the plaintiff's contributory negligence would bar his recovery from the defendant. Renner v. Murray, *supra*.

For reasons stated in this opinion, the judgment of the district court is affirmed.

TEIGEN, C. J., and ERICKSTAD, PAULSON and KNUDSON, concur.