FARMERS INSURANCE EXCHANGE, an Inter-insurance Exchange, by Farmers Underwriters Association, its Attorney in Fact, Plaintiff and Respondent,

v.

Douglas E. NAGLE, Defendant and Appellant,
and
Shirley Lommen, Individually and as Statutory Beneficiary of William A. Lommen, Deceased, Defendant.

Civ. No. 8686.

Supreme Court of North Dakota.

Oct. 6, 1971.

Conmy, Conmy, Rosenberg & Lucas, Bismarck, for plaintiff and respondent.

David L. Peterson, Sp. Asst. Atty. Gen., Unsatisfied Judgment Fund, Bismarck, for defendant and appellant.

STRUTZ, Chief Justice, on reassignment.

Farmers Insurance Exchange, an interinsurance exchange (hereinafter referred to as the Insurance Company), by Farmers Underwriters Association, its attorney in fact, commenced this action naming as the only defendants Douglas E. Nagle and Shirley Lommen, the latter individually and as statutory beneficiary of William A. Lommen, deceased. The Insurance Company sought a declaratory judgment against the defendants adjudging that a

certain policy of liability insurance issued by it to Nagle was based upon a fraudulent application and therefore was void from its inception. Shirley Lommen is the widow of William A. Lommen, who was killed in an automobile accident subsequent to the issuance of the liability policy in question. Nagle was involved in the accident as the driver of the automobile which collided with the Lommen vehicle.

The State of North Dakota was not joined as a party in the declaratory-judgment action. When the case came on for trial, however, the North Dakota Unsatisfied Judgment Fund appeared by the Special Assistant Attorney General assigned to defend the Fund, and a request was made by the attorney for the defendant Lommen that the Special Assistant Attorney General be permitted to participate in the trial amicus curiae since the State's Unsatisfied Judgment Fund might become exposed to liability in the event the Insurance Company prevailed in the action. Permission was granted, and the Special Assistant Attorney General, on behalf of the State's Unsatisfied Judgment Fund, participated in the trial of the action.

The defendants answered the complaint of the insurance company, appeared at the trial, and defended. The two defendants were represented by separate attorneys, and both participated in the trial.

Upon completion of the trial, judgment was entered declaring that the policy of liability insurance was rescinded and cancelled *ab initio*, and, further, that the Insurance Company had no obligation thereunder to the defendant Nagle or to anyone claiming benefits by virtue of such policy of insurance.

Subsequent to the entry of judgment in favor of the Insurance Company, a notice of appeal from the judgment, signed by the Special Assistant Attorney General, was served upon the attorney for the Insurance Company. The notice of appeal states that the defendant Nagle appeals from the judgment of the district court granting the

plaintiff the relief prayed for in its complaint. The appeal is taken from the whole judgment, and trial de novo is demanded. The notice of appeal is signed by the Special Assistant Attorney General as attorney for the State's Unsatisfied Judgment Fund. The private attorneys for the defendants did not sign the notice of appeal, nor did they serve separate notices of appeal.

Subsequent to service of the notice of appeal on behalf of the State's Unsatisfied Judgment Fund, the private attorneys of the respective defendants signed a stipulation for settlement of the statement of the case. This stipulation also was signed by the Special Assistant Attorney General for the Unsatisfied Judgment Fund and by the attorney for the Insurance Company. The attorneys for the two defendants have appeared in no other manner in this appeal.

The Insurance Company claims that the notice of appeal is defective because it was not signed "by the appellant or his attorney," as required by statute. Section 28–27–05, North Dakota Century Code, provides:

> "An appeal must be taken by serving a notice in writing signed by the appellant or his attorney on the adverse party * * * *"

The Insurance Company also claims that the appeal is ineffectual because no undertaking was executed and filed. Section 28–27–09, North Dakota Century Code, provides:

> "To render an appeal effectual for any purpose, an undertaking must be executed on the part of the appellant by at least two sureties to the effect that the appellant will pay all costs and damages which may be awarded against him on the appeal not exceeding two hundred fifty dollars."

In rebuttal, the State argues that when the trial court adjudged the liability insurance policy void *ab initio*, Nagle became an uninsured motorist; and that because he had been involved as the driver of a motor vehicle in an accident in which William A. Lommen was killed, the State's Unsatisfied Judgment Fund became exposed to liability for an amount up to the statutory limits for wrongful death. It argues that the State therefore is, in reality, a party in interest and that the Attorney General, through his Special Assistant, is entitled to take this appeal as attorney for Nagle as well as for the Unsatisfied Judgment Fund. It also argues that the Attorney General, in taking this appeal, is doing so in a purely official capacity as attorney for the State's Unsatisfied Judgment Fund, and that the requirement that an undertaking for costs be supplied is waived. It therefore concludes that the appeal is not defective and that it is effectual.

The first question for us to consider, therefore, is whether this court has jurisdiction in this appeal. The notice of appeal was not signed by the defendant Nagle or by his private attorney. The Special Assistant Attorney General does not claim to be the private attorney for the defendant Nagle.

The duties of the Attorney General are set forth in the law, and include a provision that he shall:

> "1. Appear for and represent the state before the supreme court in all cases in which the state is interested as a party." Sec. 54–12–01, N.D.C.C.

Under our law, we believe it is not necessary for the State to be named as a party to an action in order to be considered an interested party. The State may be an interested party so as to authorize the Attorney General to appear for and to represent it even in cases where the State is not named as a party. The State was directly interested in this action, and in fact participated in the trial.

The action was brought for the sole purpose of determining the validity of the insurance policy which the plaintiff had issued to the defendant Nagle. It named as

defendants its claimed insured, Nagle, and the prospective claimant against the insured, Mrs. Lommen. It did not join the State of North Dakota as a party defendant although it was obvious from the outset that if the policy in question were found to be invalid—as the plaintiff contends it is—and if the claimant recovers judgment, which cannot be collected from the defendant, the State would become exposed to liability under the Unsatisfied Judgment Fund law.

The action, as stated above, is an action for declaratory judgment, requesting declaratory relief. Our law providing for the bringing of declaratory-judgment actions reads, in part:

> "When declaratory relief is sought, all persons who have or claim any interest which would be affected by the declaration, shall be made parties * * *"
> Sec. 32–23–11, N.D.C.C.

If Nagle should be unable to pay a judgment recovered in the case against him, and if his insurance policy is found to be void, the rights of the State would be affected by the declaratory judgment holding the policy invalid, because the Unsatisfied Judgment Fund then would be asked to pay. Thus the State does have an interest in the matter in controversy. The State, as such interested party, therefore was entitled to have the Attorney General appear and represent it, under Section 54–12–01, Subsection 1, North Dakota Century Code. Even though the State was not named as a defending party, it actively and openly participated in the trial, and thus the State was a party to the action for purposes of permitting it to appeal.

Should this court hold otherwise, the determination by the trial court of invalidity of the insurance policy carried by Nagle would be res judicata. The State thus would be precluded from protecting its interests by raising the issue of validity of the insurance policy, and would be exposed to liability under the Unsatisfied Judgment

Fund law. In other words, the question of validity of this insurance policy would be res judicata should the State attempt to raise that issue in subsequent litigation against it for collection, out of the State's Unsatisfied Judgment Fund, of any judgment which might be recovered by the defendant Lommen against the defendant Nagle. In Stetson v. Investors Oil, Inc., 176 N.W.2d 643 (N.D.1970), this court held, in effect, that a judgment recovered in an action is res judicata to the issues adjudicated therein in favor of or against a person who, although not an actual party to the record in that action, prosecuted the action or the defense thereto on behalf of a party, or assisted and participated in the prosecution of such action or its defense, if the same issue should be raised again in subsequent litigation.

Having determined that the State was a proper party to the litigation brought to determine the validity of the insurance policy issued to the defendant Nagle, we hold that the Attorney General was authorized to appear for and to represent the State in such litigation because the State had an interest therein. Therefore, the notice of appeal served by the State of North Dakota gave this court jurisdiction to hear the appeal in this action.

The next question for determination is whether the appeal should be dismissed for failure of the appellant to file an undertaking on appeal, as required by Section 28–27–09, North Dakota Century Code. The appellant asserts that since the appeal is taken by the State, no undertaking is required.

Prior to the adoption of the Rules of Civil Procedure, when a State official took an appeal in a purely official capacity, no undertaking for costs was necessary, under Section 28–2719, North Dakota Revised Code of 1943. See King v. Menz, 75 N. W.2d 516 (N.D.1956). That section of the North Dakota Revised Code of 1943 was superseded by Rule 62(e), North Dakota

Rules of Civil Procedure, which rule provides:

"When an appeal is taken by the state or governmental subdivision thereof or an officer or agency thereof or by direction of any department thereof and the operation or enforcement of the judgment is stayed, no bond, obligation, or other security shall be required from the appellant."

■ The record is silent as to whether the enforcement of the judgment in this case was stayed. We deem that immaterial, however. If a bond should have been posted by the State under the Rules as they then existed, and the Attorney General failed to do so, we hold that this failure did not divest this court of jurisdiction. This court held, in the case of In re Guardianship of Frank, 128 N.W.2d 355 (N.D.1964), that where notice of appeal is served in good faith and within the statutory time, jurisdiction is vested in the Supreme Court, and the appellant's failure to provide security for costs required by the law did not divest the Supreme Court of jurisdiction. The court in that case permitted the filing of such security even though the time for appeal had expired.

In the case now before us, the failure to file an undertaking, if the neglect of the Attorney General to file such security is held to be a nonobservance of the law, such omission could not deprive the State of its rights on appeal. This court has held that if the attorney for the State fails to protect the rights and interests of the State in any litigation, and this failure becomes apparent to the court, the court should see that the public interests are protected. LePire v. Workmen's Compensation Bureau, 111 N.W.2d 355 (N.D.1961). See, to the same effect, State v. Woodruff, 170 Miss. 744, 150 So. 760 (1933).

■ We would further point out that since it has been brought to the attention of the Legislative Assembly that Rule 62(e), North Dakota Rules of Civil Procedure, purported to supersede Section 28–2719, North Dakota Revised Code of 1943, the Legislative Assembly has re-enacted a statute which specifically provides that where a State official takes an appeal in a purely official capacity, no undertaking for costs need be given unless required to do so by the court on order following a motion before the court. See Sec. 28–27–09.1, North Dakota Century Code.

The asserted obstacles to this court's hearing the appeal having been eliminated, we now turn to a consideration of the merits.

Did the defendant Nagle misrepresent facts regarding his past driving record in applying for auto insurance? If he did, were those misrepresentations material? And, if they were material, did they render the insurance policy void *ab initio* or merely voidable?

■ This court has held repeatedly that where an appellant demands trial de novo and retrial of the entire case in an appeal from a judgment in an action tried to the court without a jury, prior to the enactment of Chapter 311 of the 1971 Session laws, the findings of the trial court must be given appreciable weight, especially where the judgment is based on conflicting evidence and the testimony of witnesses who appeared in person before the trial court. In such case, the trial court had an opportunity to observe the demeanor of witnesses and hear their replies to questions and could observe whether such replies were freely given or hesitatingly given and whether the witnesses appeared to be telling the truth. Pauly v. Haas, 84 N.W.2d 302 (N.D.1957); Strobel v. Strobel, 102 N.W.2d 4 (N.D.1960); Goheen v. Gauvey, 122 N.W.2d 204 (N.D.1963); Renner v. Murray, 136 N.W.2d 794 (N.D.1965); Parceluk v. Knudtson, 139 N.W.2d 864 (N.D.1966); Zerr v. Sommer, 179 N.W.2d 330 (N.D.1970). In such event, the decision of the trial court is presumed to be correct. Roe v. Hetherington, 74 N.D. 692, 24 N.W.2d 56 (1946).

In the case before us, the trial judge heard the witnesses and observed their demeanor on the stand. The agent who took the defendant Nagle's application for insurance testified that the answers which he wrote down on the application were those which Nagle gave in response to questions put to him. Nagle, on the other hand, asserts that he informed the agent of his speeding convictions, but the trial judge did not believe him. Giving the findings of the trial court appreciable weight, we are in no position to say that it erred.

The next question for us to determine is whether, if the defendant Nagle did give false information to the insurance agent, as shown on the application form, as to his previous driving convictions, such misrepresentations were material.

■ This court has held that where a misrepresentation is made in an application for insurance with an intent to deceive, or where the matter misrepresented increases the risk of loss, such misrepresentation is material and is a ground for avoidance of the policy issued in reliance thereon. Lindlauf v. Northern Founders Insurance Co., 130 N.W.2d 86 (N.D.1964).

■ Misrepresentations on the matter of driving convictions were found by the trial court to have been made with intent to deceive. Surely the applicant was a less desirable risk for automobile insurance than he would have been had he had a perfect driving record. Thus the misrepresentations did increase the risk of loss and were material. If the insurance agent's version of the facts in this case is to be believed, the failure of the insured to communicate truthfully the facts relative to his past driving record would be considered "concealment," as defined in Section 26–02–14, North Dakota Century Code.

■ Finally, the appellant asserts that the plaintiff insurance company did not act promptly, and therefore the insurance policy should be held to be in effect. Section 26–02–33, North Dakota Century Code, provides that no automobile insurance liability policy, delivered in this State, which shall have been in effect more than sixty days, shall be terminated by cancellation except for nonpayment of premium, unless the insurer mails or delivers to the insured, at least thirty days prior to the effective date of cancellation, a notice in writing of such intent to cancel. In the case before us, the policy was effective on July 28, 1969, and was rescinded on August 28, 1969, thirty days later. The policy therefore had not been in effect the required sixty days, and the provisions of Section 26–02–33 do not apply.

For reasons stated in this opinion, the trial court's finding of material misrepresentations in the application for insurance will not be disturbed on this appeal. Such finding is supported by substantial evidence under our law, and misrepresentations are material where they increase the risk of loss. It cannot be doubted that the misrepresentations in this case did increase the risk of loss, as found by the trial court. The judgment of the trial court therefore is affirmed.

ERICKSTAD and PAULSON, JJ., concur.

TEIGEN, Judge (dissenting).

I dissent.

I am of the opinion that jurisdiction was not transferred to this court and that this appeal should be dismissed.

The declaratory judgment action was instituted to settle a controversy between the insurer and its insured, the purpose being to determine the validity of a contract of insurance and obtain a declaration of the legal relations thereunder. The insured was represented by competent and able counsel. There is no claim of fraud, collusion, incompetency, dereliction of duty, delay, or disinterest on the part of counsel for the insured, nor is there any claim that counsel for the Unsatisfied Judgment Fund

was more competent, or more able, or in any better position to defend the insured.

Shirley Lommen, the statutory beneficiary of William A. Lommen, who was killed in an automobile accident in which the defendant Nagle was involved, was also made a party to the action. She was also represented by able counsel, and it was her counsel who moved the trial court to permit the assistant attorney general, who is in charge of the Unsatisfied Judgment Fund, to participate in the trial amicus curiae. No claim is made on the part of counsel for either of the parties defendant, or the attorney for the Unsatisfied Judgment Fund who participated in the trial amicus curiae, that the case was not fully and ably presented to the trial court by the private attorneys. It is evident that the able attorneys for both defendants were of the opinion that the trial court did not err in its decision, and this judgment on their part has now been affirmed by the majority of this court by their decision affirming the trial court's judgment.

This court, in Jones Lumber Co. v. Marmarth, 67 N.D. 309, 316, 272 N.W. 190, 194 (1937), after reviewing our statutes governing declaratory judgments, concluded:

"Thus, there must be an actual controversy between the parties, in respect to rights under this contract, submitted to the court for final determination as to the validity of the contract, * * *"

The interest of the State does not qualify under this definition. The majority premise their decision on the fact that the State should have been made a party on the ground that "the State's Unsatisfied Judgment Fund *may* be exposed to liability, * * *" [Emphasis added.] The only possible basis for this statement is the fact that we have on our statute books an Unsatisfied Judgment Fund law. The record does not establish a probability that Nagle is liable for damages or that, if he is liable, the Fund will be required to pay; a possibility is all that is shown. From the decision of the majority it would appear

that, hereafter, in any declaratory judgment action brought by an insurer against its insured involving an automobile liability policy, it must name the attorney general or the State's Unsatisfied Judgment Fund, or both, as a party defendant. The attorney general has now become a public defender in all such suits because there is always the possibility that the State's Unsatisfied Judgment Fund "may" become exposed if an automobile insurance policy is declared void.

The right to and regulation of appeals in this State are entirely statutory. North Dakota Constitution, Section 109; State ex rel. Hjelle v. Bakke, 117 N.W.2d 689 (N.D.1962); Helland v. Jones, 76 N.D. 511, 37 N.W.2d 513 (1949). An appeal is not a matter of right but a statutory privilege, and one who enjoys such privilege must show the law conferring it upon him. State ex rel. Hjelle v. Bakke, *supra*; Helland v. Jones, *supra*.

The majority rely, in part, on Section 54–12–01(1), N.D.C.C., which provides that the attorney general shall "[a]ppear for and represent the state *before the supreme court* in all cases *in which the state is interested as a party*." [Emphasis added.] In this case the State is not a party nor is it interested as a party. Its claimed interest is premised on the basis that it may become exposed to liability *if* certain unknown events occur in the future. No service of the summons and complaint was made upon the State or upon its Unsatisfied Judgment Fund; neither has the State intervened, been interpleaded or impleaded, nor been made a party to the action by an order of the court. Its only appearance was by its assistant attorney general amicus curiae. Further, this statute does not authorize the attorney general to *take* an appeal where the State is not interested as a party of record to the action. It merely imposes a duty upon the attorney general that, where the State is a party, he "[a]ppear for and represent the state before the supreme court." The State is not a party and the question before us is whether

the case is "before the supreme court." This statute clearly is applicable only where the case is in the supreme court and not in the trial court.

The statutes on appeal specifically provide how and by whom an appeal may be taken. Section 28-27-05, N.D.C.C., provides:

"How appeal taken.—An appeal must be taken by serving a notice in writing signed by the *appellant or his attorney* on the adverse party * * *" [Emphasis added.]

This section has been construed to the effect that one who is not a party of record, nor a representative or privy to a party of record, has no right of appeal. Hart v. Bye, 86 N.W.2d 635 (N.D.1957); Guenther v. Funk, 67 N.D. 543, 274 N.W. 839, 112 A.L.R. 428 (1937).

The notice of appeal was not signed by Nagle or by his attorney. The assistant attorney general does not claim to be the private attorney for Nagle. Our statutes effectively prevent the attorney general or his assistants from engaging in the private practice of law by making them subject to disbarment if they do so. Section 27-14-02, N.D.C.C. The statute providing for the appearance of the attorney general in matters involving the State's Unsatisfied Judgment Fund is limited. In King v. Menz, 75 N.W.2d 516, 521 (N.D.1956), this court stated:

"The provision for the appearance of the attorney general is only for the protection of the fund. It is his duty to see that no liability is created against the fund except by due legal proceedings and that no judgment be obtained by fraud or collusion."

There is no claim of fraud or collusion in the instant action. The only statute allowing the attorney general to appear on behalf of a defendant under a claim against the Unsatisfied Judgment Fund appears in Section 39-17-04, N.D.C.C., which provides that, where judgment is entered by default, claim shall not be made against the Fund unless the state highway commissioner and the attorney general have been given at least thirty days' notice prior to the entry of such judgment, to which notice shall be attached a copy of the summons and complaint. The section provides:

"Upon receipt of such notice, the attorney general may enter an appearance, file a defense, appear by counsel at the trial or take such other action as he may deem appropriate on behalf and in the name of the defendant, and may thereupon, on behalf and in the name of the defendant, conduct his defense, and all acts done in accordance therewith shall be deemed to be acts of the defendant."

I have found no other statutory authority, and none has been pointed out, which permits the attorney general to appear on behalf of and as attorney for a defendant in a private automobile liability suit.

Furthermore, if the attorney general was a necessary party to the declaration of invalidity of the insurance contract, his rights were not prejudiced by the judgment. In quoting Section 32-23-11, N.D. C.C., the majority have omitted the important portion of that statute, which is italicized below and reads as follows:

"When declaratory relief is sought, all persons who have or claim any interest which would be affected by the declaration, shall be made parties, *and no declaration shall prejudice the rights of persons not parties to the proceeding.*" [Emphasis added.]

The majority do not hold that Nagle has appealed. I agree. He has not appealed. The majority hold that the State should have been made a party to the declaratory judgment action and that, although it was not named or served as a defending party, the State has an interest and participated in the trial "and thus the State was a party to the action for purposes of permitting it to appeal." The majority premise their de-

cision on a series of assumptions which are: (1) that Nagle will be sued; (2) that a judgment will be obtained against him; (3) that he will be unable to pay the judgment; and (4) that the State will be asked to pay.

As I have pointed out above, there is no basis in this record for making these assumptions. Similar assumptions could be made in almost any action by an insurer seeking a declaration that an automobile liability insurance policy is invalid. I do not agree that there has been a showing that the State is interested to the extent that it should have been made a party to the declaratory judgment action. Further, it took no steps to interplead nor in any other manner did it become a party. It merely participated in the trial amicus curiae.

"An amicus curiae is not a party and cannot assume the functions of a party, an attorney for a party, or even a partisan." 4 Am.Jur.2d Amicus Curiae, Section 3, at 111. See also, Baird v. Williston, 58 N.D. 478, 226 N.W. 608.

For the reasons set forth, I believe the appeal should be dismissed.

KNUDSON, J., joins in the dissent of TEIGEN, J.