WILDFANG MILLER MOTORS, INC.,
a/k/a Wildfang Miller Motors, Plain-
tiff and Respondent,

v.

Bennie RATH, a/k/a Benny L. Rath,
Defendant and Appellant.

Civ. No. 8763.

Supreme Court of North Dakota.

May 31, 1972.

Rehearing Denied June 26, 1972.

William R. Mills, Bismarck, for defend-
ant and appellant.

F. C. Rohrich, Linton, for plaintiff and
respondent.

EMIL A. GIESE, District Judge.

The plaintiff brought this action for the purpose of reducing to judgment a promissory note in the amount of $1,900 dated May 20, 1967, executed by the defendant as maker and made payable to the plaintiff corporation as payee. The defendant interposed an answer to the complaint of the plaintiff, setting forth a general denial and specifically denying that he owed the plaintiff any money whatsoever.

The matter was tried to the court and judgment was entered for the plaintiff. As the defendant appealed prior to July 1, 1971, and demanded a trial de novo, we shall try the case anew.

The issues before the court are as follows: (1) Was a proper foundation laid for the receiving of the promissory note in evidence; and (2) Are the findings of the trial court supported by the evidence?

The defendant contends that the execution of the note having been denied by the defendant on cross-examination by the plaintiff, proof of its execution must be submitted by the plaintiff before it could be received in evidence. Section 41-03-37 of the North Dakota Century Code reads as follows:

41-03-37. (3-307) "Burden of establishing signatures, defenses and due course.—1. Unless specifically denied in the pleadings each signature on an instrument is admitted. When the effectiveness of a signature is put in issue

"a. the burden of establishing it is on the party claiming under the signature; but

"b. the signature is presumed to be genuine or authorized except where the action is to enforce the obligation of a purported signer who has died or become incompetent before proof is required.

"2. When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense.
. . . ."

In 2 Anderson's Uniform Commercial Code, § 3-307:1(1), (2) (2d Ed. 1971), at pages 888-889, the author makes the following comments:

"The purpose of the requirement of a specific denial in the pleadings is to give the plaintiff notice that he must meet a claim of forgery or lack of authority as to the particular signature, and to afford him an opportunity to investigate and obtain evidence. . . . In the absence of such specific denial the signature stands admitted, and is not in issue. . . . Once signatures are proved or admitted, a holder makes out his case by mere production of the instrument, and is entitled to recover in the absence of any further evidence."

■ By failing to specifically deny in his answer the execution of the promissory note, the defendant admitted that his signature thereon was genuine.

■ The record discloses that a proper foundation was laid for the offering of the promissory note in evidence, and the court did not err in admitting the same.

■ Rule 8(c) of the North Dakota Rules of Civil Procedure states:

"In pleading to a preceding pleading, a party shall set forth affirmatively . . . fraud . . . and any other matter constituting an avoidance or affirmative defense. . . ."

■ The defendant did not allege fraud as a defense. The court, however, received evidence on the issue of fraud and considered such evidence in arriving at its decision.

In Kucera v. Kucera, 117 N.W.2d 810, 813 (N.D.1962) this Court held as follows:

". . . under the Rules of Civil Procedure now in force in North Dakota, when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be tried in all respects as if they had been raised by the pleadings. Necessary amendment of the pleadings to make them conform to the evidence may be made upon motion of either party, even after judgment, and failure to amend does not affect the result of the trial on these issues. Rule 15(b), N.D.Rules of Civ.Proc."

The trial court saw and heard both the plaintiff and the defendant testify under oath. The court found that the plaintiff had by fair preponderance of the evidence proved its cause of action against the defendant. The court further found that the defendant had failed to prove fraud in the execution of the promissory note.

■ On an appeal from a judgment entered in a case tried to the court without a jury where the appellant demands a trial de novo, the findings of the trial court will be given appreciable weight. Zerr v. Sommer, 179 N.W.2d 330 (N.D.1970); Koistinen v. Farmers Union Oil Company of Rolla, 179 N.W.2d 327 (N.D.1970); Automobile Club Insurance Company v. Hoffert et al., 195 N.W.2d 542 (N.D.1972).

■ A review of the testimony discloses that the findings of the trial court are amply supported by the evidence. The judgment of the district court is affirmed.

ERICKSTAD, Acting C. J., and PAULSON, KNUDSON and TEIGEN, JJ., concur.

STRUTZ, C. J., deeming himself disqualified, did not participate; EMIL A. GIESE, Judge of the Sixth Judicial District, sitting in his stead.